Signed and Filed: August 17, 2015



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 12-32308
RENE & PATRICIA MORALES,           )
                                   )
                        Debtor.    ) Chapter 13
_____)
```

MEMORANDUM DECISION ON MOTION FOR RELIEF FROM STAY

I.  BACKGROUND

In September 2014, Bank of America, N.A. moved for relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause, including lack of adequate protection and the purported failure of Rene and Patricia Morales ("Debtors")[1] to make certain post-petition payments.[2] Since then, Bank of America has assigned its claim to Rushmore Loan Management Services ("Rushmore"). Debtors

---

[1] Mr. Morales passed away in January 2013 (see Dkt. No. 60 at 2:13). For convenience, the court will continue to use the term "Debtors" except where the context pertains solely to Ms. Morales.

[2] Movant did not seek relief under section 362(d)(2) for lack of equity, but instead utilized the Debtors' scheduled market value of $400,000 in its Relief from Stay Cover Sheet and identified the balance owed as of August 5, 2014, as $321,772.84. Based on these figures and excluding amounts owed to junior lienholders, the equity cushion is approximately $79,000 (almost 20% of value).

-1-

opposed the motion, contending that the defaults alleged by Movant are overstated and include an unjustified increase in the amount of escrow payments.[3]

This court confirmed Debtors' chapter 13 plan on April 22, 2013. In July 2013, Movant mailed a notice to Debtors increasing their monthly escrow payments from $89.58 to $1,263.05, resulting in an increase of the monthly mortgage payment from $1,725.95 to $2,899.42. Ms. Morales filed an objection to this increase on August 15, 2013 (Docket No. 68).[4]

Movant contended that the dramatic escrow increase was to cover advances made by it to cover property taxes for the 2012-13 tax year, as well as anticipated future advances for property taxes.[5] *See* Movant's Reply at Docket No. 73, page 3. Following objections by Ms. Morales to this calculation, Movant decreased the monthly escrow payment from $2,899.24 to $2,193.57 effective September 1, 2014. *See* Reply at Docket No. 73 at 2:17-19.

Prior to the initial hearing on the motion on October 16,

---

[3] Bank of America filed a formal transfer of the claim to Rushmore on January 16, 2015. For convenience, the court will refer to both Bank of America and Rushmore as "Movant," unless the context requires specific identification.

[4] Among other things, Ms. Morales contended that because Movant did not file a pre-confirmation claim for the post-petition defaults underlying the increased monthly mortgage payments, its claim and any adjustment should be barred. Debtor cites no authority for this position, and the court cannot locate any.

[5] Historically, Debtors paid the property taxes, but Movant advanced sums to pay the property tax installments due on November 2, 2012 and on March 1, 2013. Ms. Morales, in turn, has provided evidence that she has directly paid at least one property tax installment that became due thereafter. *See* Docket No. 74-3 (cashier's check dated February 27, 2014, payable in the amount of $2,868.20 to the "San Francisco City & County" for "Property Tax").

2014, the parties filed responses and replies, as well as supplemental declarations.  At the hearing, the court directed their counsel to meet and confer regarding the dispute over the increased escrow payments.  They did so, and the subsequent hearings on the motion were continued at the parties' request. *See* Court's Minutes for 10-16-2014, 11-6-2014, 12-4-2014, 12-18-2014, and 1-8-2015.

Following a hearing on February 12, 2015 (at which the court again encouraged the parties to attempt to reach a consensual resolution), Movant and Ms. Morales filed a stipulation to continue the hearing to April 4, 2015.  Because neither Ms. Morales nor her counsel appeared, the court indicated that it would grant relief from the stay.  Debtors' counsel filed a premature motion to vacate, stating:

> The underlying motion for relief from automatic stay at paragraph 10 (dkt. 70) asserts that debtor[s] had not made any payments from the month of 2/1/14 through 8/1/14 for a total in arrears of $19,884.00. [] This amount was never modified nor has the creditor's motion been amended to adequately reflect the debtor's year to date payments of $20,051.00, as reflected in the October 2014 mortgage statement.

The court vacated the order granting relief from stay and continued the hearing to May 14, 2015, at which the court directed counsel and their clients to participate in a conference by the end of May and indicated that if the matter was not resolved by June 1, the matter would stand submitted.  On June 2, 2015, Movant filed a Statement of Status re Results of Directive to Meet and Confer Regarding Motion to be Taken Under Advisement, indicating that it was awaiting the Debtors' cure proposal.  On June 3, the court entered a docket text order directing Debtors' counsel to

-3-

Case: 12-32308    Doc# 96    Filed: 08/17/15    Entered: 08/17/15 15:00:56    Page 3 of 7

advise the court no later than June 10 whether he and Ms. Morales had presented their cure proposal, with Rushmore advising no later than June 17 whether any such proposal had been accepted, rejected or made the subject of a counter-proposal. On or about June 9, 2015, counsel for Rushmore advised the courtroom deputy that Ms. Morales had not tendered a cure proposal. The court therefore took the matter under submission.

II. RULING

Movant has acknowledged that the spreadsheets it provided as evidence of Debtors' post-petition defaults are inconsistent with the monthly statements provided to Ms. Morales by Bank of America. Attached as Exhibit 7 to the supplemental declaration filed by movant on February 4, 2015 (Docket No. 82) is a communication by Movant's counsel to Debtors' counsel stating:

> [Ms. Morales'] Supplemental Declaration says [she] provides a breakdown of payments in 2014. What is actually provided is a BANA statement dated September 16, 2014. The statement indicates that $2,099.30 was received in the month before the statement was issued and that the year-to-date total payments in 2014 were **$17,949.65.**
>
> However, I reviewed the **spreadsheet, which indicates that the total amount paid through the first nine months of 2014 was $11,457.37, which does not correspond to the statement, which indicates that $17,949.65 was received.** Also it appears that $2,899.42 was received in the month before the statement was issued; not $2,099.30 as the statement reflects.
>
> Obviously we will need to reconcile the spreadsheet with the statement.

To date, the court has not received a document reconciling these discrepancies, nor has it received a recent accounting by Ms. Morales of tax installments and insurance paid by her directly over the last two years. Ms. Morales did state in her declaration

-4-

filed on February 11, 2015, that she is directly paying the tax installments as they become due. She also acknowledged that her post-petition arrearages equal approximately $11,000. *See* Declaration of Patricia Morales, Docket No. 83 at 3:1-4.

In summary, the record as is does not sufficiently support a final determination of the amounts actually owed by Ms. Morales or of the appropriate amount of the monthly escrow payment. Nevertheless -- as argued by Movant in an opposition filed on April 6, 2015 -- while the court should not (and cannot, on this record) determine the merits of Movants' claim and Debtors' objections (i.e., the amounts owed and the amounts paid), it can determine whether and how Movant is or could be adequately protected or whether cause exists to lift the stay. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985) (*overruled* on other grounds by *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007)); *Biggs v. Stovin (In re Luz Int'l, Ltd.)*, 219 B.R. 837, 842 (9th Cir. BAP 1998) (given the expedited nature of section 362 motions, merits of claims, defenses or counterclaims should not be adjudicated).

Section 362(d)(1) enables a creditor to obtain an order terminating the automatic stay to pursue foreclosure proceedings against estate property "for cause." The "cause" explicitly referenced in § 362(d)(1) is lack of adequate protection, but it is only an example, rather than the exclusive grounds for relief, under § 362(d)(1). *Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985). What constitutes adequate cause to terminate the automatic stay is determined on a case-by-case basis. *Delaney–Morin v. Day (In re Delaney–Morin)*, 304 B.R. 365, 369 (9th

Case: 12-32308    Doc# 96    Filed: 08/17/15    Entered: 08/17/15 15:00:56    Page 5 of 7

Cir. BAP 2003) (*citing MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985)). Here, Movant is adequately protected by a substantial equity cushion and no cause exists to terminate the stay as long as it receives timely payments of the monthly installment (which was $1,725.95 [including a monthly escrow of $89.58] as of September 2013) and additional monthly payments to cure a post-petition default of at least $11,000. *See* Ms. Morales' Declaration, Docket No. 83 at 3:1-4. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) (adequate protection payments can protect valid interests of creditors).

Therefore, the court will require Debtors to pay $1,725.95 a month and remain current on that payment. In addition, Debtors must pay an additional $500 a month for 22 months until the acknowledged post-petition default of $11,000 is cured. If Debtors default in the payment of these amounts, Movant shall provide a notice of default with a ten-day opportunity to cure or object. If the default is not timely cured, Movant may file a declaration of default and upload an order granting relief from the stay to exercise its remedies under the relevant instruments and the law. Movant is required to provide a maximum of three default notices; if Debtors default more than three times, Movant may file a declaration and upload an order granting full relief.

In the interim, if Movant and Ms. Morales still disagree as to amounts paid and amounts owed, such issues should be litigated in the context of a claims objection. If the parties want the court to resolve the disputes as to the amount owed, or if Movant seeks higher adequate protection payments based on the disputed

-6-

post-petition deficiency, Movant should file an amended claim that includes clear calculations of the amounts paid by Debtors to date, and should identify every tax installment and insurance installment and other escrow expenses that it has paid directly. By the same token, assuming that she objects to that amended claim, Ms. Morales should file an objection that sets forth all post-petition property tax and insurance payments she has made to date and that clearly and precisely states the conceded amount of the post-petition deliquency.  Movant should file its amended claim no later than September 30, 2015, and Ms. Morales should file any objection no later than October 29, 2015.  If Ms. Morales files a timely objection, Movant shall set a hearing on at least seven days' notice to Ms. Morales in accordance with B.L.R. 9014-1(3)(A).

III. CONCLUSION

Counsel for Movant should upload an order consistent with the court's determination and for the reasons stated in this memorandum decision and serve a copy of the proposed order on Ms. Morales and her counsel in accordance with B.L.R. 9021-1(c).

**END OF MEMORANDUM DECISION**